1

2

3

4

5

6

7                  IN THE UNITED STATES DISTRICT COURT

8                 FOR THE EASTERN DISTRICT OF CALIFORNIA

9    RANDOLPH M. DIAZ,

10               Petitioner,               No. CIV S-08-0403 LKK GGH P

11        vs.

12   MICHAEL KNOWLES, et al.,
                                           FINDINGS AND RECOMMENDATIONS
13               Respondents.

14   _____/

15   Introduction

16               Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of

17   habeas corpus pursuant to 28 U.S.C. § 2254.   In his amended petition, petitioner focuses on his

18   claim to have pled "nolo contendere" to a charge of assault with a deadly weapon, under Cal.

19   Penal Code § 245(a)(1), arguing that this offense was improperly designated a prior conviction to

20   enhance his current sentence under the "three strikes law."  Amended Petition (AP), p. 2.[1]  The

21   record shows that petitioner was convicted by a jury in 2001, in El Dorado County Superior

22   Court, of multiple sexual offenses, including one count of forcible rape (Cal. Pen. Code §

23   261(a)(2)), one count of sexual battery (Cal. Pen. Code § 243.4(a)), one count of forcible oral

24   copulation (Cal. Pen. Code § 288a(c)(2)), one count of unlawful sexual penetration with a minor

25   _____

26        [1] The court references its own electronic pagination.

1

1  under 18 years old (Cal. Pen. Code § 289(h)), one count of oral copulation with a minor under 18

2  (Cal. Pen. Code § 288a(b)(1)), and unlawful sexual intercourse with a minor more than three

3  years younger than the perpetrator (Cal. Pen. Code § 261.5(c)).  Motion to Dismiss (MTD), p. 2;

4  respondent's Lodged Document (Lod. Doc.) 1, p. 1.  In addition, petitioner, under the three

5  strikes law (Cal. Pen. Code §§ 667(b) - (I), 1170.12), was found by the trial court to have

6  suffered a prior serious or violent felony conviction.  Lod. Doc. 1, pp. 1-2.  Petitioner was

7  sentenced, on 5/18/01, to a state prison term of fifty-six years to life.  Lod. Doc. 1, pp. 1-2 &

8  Lod. Doc. 2, pp. 2-3.

9  Motion to Dismiss

10         Pending before the court is respondent's motion to dismiss the petition on the

11  ground that petitioner failed to file the petition timely.  The statute of limitations for federal

12  habeas corpus petitions is set forth in 28 U.S.C. § 2244(d)(1):

13         A 1-year period of limitation shall apply to an application for a writ
       of habeas corpus by a person in custody pursuant to the judgment
14       of a State court.  The limitation period shall run from the latest of–

15       (A) the date on which the judgment became final by the conclusion
       of direct review or the expiration of the time for seeking such
16       review;

17       (B) the date on which the impediment to filing an application
       created by State action in violation of the Constitution or laws of
18       the United States is removed, if the applicant was prevented from
       filing by such State action;
19
       (C) the date on which the constitutional right asserted was initially
20       recognized by the Supreme Court, if the right has been newly
       recognized by the Supreme Court and made retroactively
21       applicable to cases on collateral review; or

22       (D) the date on which the factual predicate of the claim or claims
       presented could have been discovered through the exercise of due
23       diligence.

24         Following the imposition of his sentence on 5/18/01, petitioner filed an appeal to

25  the Third District Court of Appeal on 1/16/02, which affirmed the judgment on 10/17/02 (with a

26  modification of the restitution fine).  MTD, p. 2; Lod. Docs. 1 & 2.  Petitioner then filed a

2

1   petition for review in the California Supreme Court on 11/21/02 (or 11/22/02), which was denied

2   on 1/15/03.  MTD, p. 2; Lod. Docs. 3 & 4.  The record demonstrates that petitioner's conviction

3   became final on 4/15/03, ninety days after the state supreme court denied petitioner's petition for

4   review on direct appeal.  See Cal. Rules of Court, Rule 8.308(a) (former Rule 31); Bowen v.

5   Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999) ("holding] that the period of 'direct review' in 28

6   U.S.C. § 2244(d)(1)(A) includes the [ninety-day] period within which a petitioner can file a

7   petition for a writ of certiorari with the United States Supreme Court, whether or not the

8   petitioner actually files such a petition.")  The statute of limitations began to run the next day, on

9   4/16/03.  Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).  Petitioner had one year, that

10  is, until 4/15/04, to file a timely federal petition, absent applicable tolling.

11          28 U.S.C. § 2244(d)(2) provides that the time during which a properly filed

12  application for state post-conviction or other collateral review with respect to the pertinent

13  judgment or claim is pending shall not be counted toward any period of limitation under this

14  section.  However, as respondent notes (MTD, p. 4), the filing of a state collateral action

15  following expiration AEDPA limitations period cannot revive the limitations period or toll it

16  under § 2244(d)(2).  See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.2003); Jiminez v.

17  Rice, 276 F.3d 478, 482 (9th Cir.2001).

18          This court applies the mailbox rule[2] in dating the filing of the two pro se state

19  post-conviction habeas challenges. The first state court petition was filed in El Dorado County

20  Superior Court on 10/20/05, and denied on 1/11/06.  Lod. Docs. 5 & 6.  Petitioner filed a

21  petition for review of a habeas petition in the California Supreme Court on 8/23/06, which was

22  denied on 2/28/07. AP, p. 17; Lod. Docs. 7 & 8.  Plainly, petitioner did not commence his

23

24          [2] Pursuant to Houston v. Lack, 487 U.S. 266, 275-76, 108 S. Ct. 2379, 2385 (1988), pro se
    prisoner filing is dated from the date prisoner delivers it to prison authorities. Stillman v. Lamarque,
25  319 F.3d 1199, 1201 (9th Cir. 2003) (mailbox rule applies to pro se prisoner who delivers habeas
    petition to prison officials for the court within limitations period). See also, Rule 3(d) of the federal
26  Rules Governing Section 2254 Cases.

1   habeas filings in state court (on 10/20/05) until long after the AEDPA limitations period had

2   expired (on 4/15/04), thus petitioner is not entitled to any tolling under § 2244(d)(2).  Although

3   this matter proceeds upon an amended petition, filed on 3/14/08, the court dates the filing of this

4   matter from the filing date of the original petition, pursuant to the mailbox rule, rendering it filed

5   as of 2/20/08 (notwithstanding the court docket filing date of 2/22/08).

6           Petitioner argues that because the state habeas petitions that he brought were not

7   deemed untimely, respondent should not be permitted to challenge the timeliness of the instant

8   petition.  Opposition (Opp.), p. 2.  He concedes that he was mistaken in starting over at the state

9   court level by way of habeas applications and not proceeding to federal court after the denial by

10  the state supreme court of his petition for review on his direct appeal.  Id., at 1.  He argues that he

11  made "an honest effort" to follow court rules but is not an attorney.  Id.  Petitioner also contends

12  that his claims are not subject to AEDPA's timeliness requirements because a sentencing error

13  can be raised at any time, and without objections having been raised in trial court, because such a

14  question goes to the jurisdiction of the court.  Id., citing People v. Serrato, 9 Cal.3d 753, 763, 109

15  Cal. Rptr. 65 (1973) (trial court may not modify verdict and convict defendant on an uncharged

16  crime), disapproved on other grounds in People v. Fosselman, 33 Cal. 3d 572, 581 n. 1; and

17  People v. Neal, 19 Cal.App.4th 1114, 1118, 1120 (1993) (although sentencing judge must state

18  reasons for sentencing choice in imposing consecutive sentences in state court, failure by defense

19  counsel to interpose objections at sentencing for failure to do so precludes issue being raised on

20  appeal).  These cases do not appear to be apposite to the instant claim in federal court, that

21  petitioner was unconstitutionally sentenced to an enhanced sentence based on the court's finding

22  that petitioner's having previously pled to an assault with a deadly weapon constituted a prior

23  conviction under the three strikes law.

24          Petitioner also seeks to rely on Cunningham v. California, 549 U.S. 270, 127 S.

25  Ct. 856 (2007), contending that his sentencing error claim is new and has arisen since the initial

26  filing of his post-conviction applications.  Opp., pp. 3-4.  In citing Cunningham, petitioner

4

1   appears to be arguing for a later trigger date for the running of the statute of limitations, i.e., that

2   it should run from the date <u>Cunningham</u> was decided pursuant to 28 U.S.C. § 2244(d)(1)(C).

3   However, <u>Cunningham</u> addresses and finds unconstitutional California's Determinate Sentencing

4   Law and is expressly *not* applicable to petitioner's claim.  Citing <u>Apprendi v. New Jersey</u>, 530

5   U.S. 466, 490, 120 S. Ct. 2348 (2000), the Supreme Court states: "*Except for a prior conviction*,

6   'any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be

7   submitted to a jury, and proved beyond a reasonable doubt.'"  <u>Cunningham</u>, at 288-289, 127 S.

8   Ct. at 868 [emphasis added].[3]

9           Therefore, the alternative start date of subsection (C) for petitioner's case is not

10   applicable in this instance.  The statute of limitations analysis is governed by the "usual" rule –

11   subsection (A).  Petitioner's attempts to reach the merits of his claim and circumvent the time

12   limitations of 28 U.S.C. § 2244(d) are not availing.  Petitioner simply has no cogent argument in

13   opposition to the motion upon which the court could make a finding of timeliness under the

14   applicable statute.  The original petition, filed in this court on 2/20/08, was filed nearly four years

15   (three years and ten months) beyond the statute of limitations, which expired on 4/15/04.

16           The court next considers whether petitioner is entitled to equitable tolling.  A

17   habeas petitioner bears the burden of proving that equitable tolling should apply to avoid

18   dismissal of an untimely petition.  <u>Miranda v. Castro</u>, 292 F.3d 1063, 1065 (9th Cir. 2002).   The

19   one year statute of limitations for filing a habeas petition may be equitably tolled "only if

20   *extraordinary* circumstances beyond a prisoner's control make it impossible to file a petition on

21   time." <u>Id.</u>, at 1066 (internal quotation omitted [emphasis added in <u>Miranda</u>]).  The prisoner must

22   show that the "extraordinary circumstances" were the cause of his untimeliness.  <u>Stillman v.</u>

23   <u>LaMarque</u>, 319 F.3d 1199, 1203 (9th Cir. 2003).  "'When external forces, rather than a

24   petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling may

25

26           [3] Moreover, in any event in <u>Butler v. Curry</u>, 528 F.3d 624, 639 (9th Cir. 2008), the Ninth
     Circuit concluded that <u>Cunningham</u> did not announce a new rule.

                                                    5

1  be appropriate.'" <u>Lott v. Mueller</u>**,** 304 F.3d 918, 922 (9th Cir. 2002), quoting <u>Miles v. Prunty</u>,

2  187 F.3d 1104, 1107 (9th Cir. 1999).

3           In his opposition, petitioner does not even contend that any external force

4  prevented him from filing his petition timely, particularly since he appears to believe,

5  erroneously, that he may raise a sentencing error claim in this court on federal habeas review at

6  any time.  To the extent, as noted, that he argues that his claim is timely because it is new in light

7  of <u>Cunningham</u>, this contention also does not afford him relief.  Neither does petitioner's own

8  admitted error in "start[ing] over" in state court after denial of his state court petition for review

9  rather than proceeding to federal court excuse his untimeliness.  Ignorance of the law does not

10  constitute the requisite extraordinary circumstances.  <u>Raspberry v. Garcia</u>, 448 F.3d 1150, 1154

11  (9th Cir. 2006) ("We now join our sister circuits and hold that a pro se petitioner's lack of legal

12  sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling") citing

13  "<u>Allen v. Yukins</u>, 366 F.3d 396, 403 (6th Cir.2004) ('[T]his court has repeatedly held that

14  ignorance of the law alone is not sufficient to warrant equitable tolling' [];  <u>United States v. Sosa</u>,

15  364 F.3d 507, 512 (4th Cir.2004) ('[E]ven in the case of an unrepresented prisoner, ignorance of

16  the law is not a basis for equitable tolling'); <u>Marsh v. Soares</u>, 223 F.3d 1217, 1220 (10th

17  Cir.2000) ('[I]t is well established that ignorance of the law, even for an incarcerated pro se

18  petitioner, generally does not excuse prompt filing' [];  <u>Felder v. Johnson</u>, 204 F.3d 168, 171-72

19  n. 10 (5th Cir.2000) ('Our conclusion that Felder's unawareness of AEDPA's requirements is

20  insufficient to warrant tolling is also consistent with the determinations of other courts that have

21  faced similar claims')."  The court will recommend that respondent's motion to dismiss the

22  amended petition on grounds of untimeliness be granted.

23           Accordingly, IT IS RECOMMENDED that respondent's first amended motion to

24  dismiss, filed on 6/12/08 (# 14), be granted and the petition be dismissed as barred by the one-

25  year AEDPA statute of limitations.

26  \\\\\

1     These findings and recommendations are submitted to the United States District

2   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

3   days after being served with these findings and recommendations, any party may file written

4   objections with the court and serve a copy on all parties.  Such a document should be captioned

5   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

6   shall be served and filed within ten days after service of the objections.  The parties are advised

7   that failure to file objections within the specified time may waive the right to appeal the District

8   Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

9   DATED: January 7, 2009

10                                             /s/ Gregory G. Hollows

11                                             _____
                                               UNITED STATES MAGISTRATE JUDGE

12   GGH:009
      diaz0403.mtd