IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RANDOLPH M. DIAZ,

    Petitioner,                    No. CIV S-08-0403 LKK GGH P

    vs.

MICHAEL KNOWLES, et al.,

    Respondents.             <u>ORDER</u>

_____/

        Petitioner, a state prisoner proceeding pro se, has filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

        On January 7, 2009, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty days. Petitioner has filed objections to the findings and recommendations to which respondent has filed a reply.

        In his objections, petitioner, for the first time, raises the claim of being "Spanish speaking" as a basis for equitable tolling; however, as respondent points out, in simply (and belatedly) raising that rationale, he does not demonstrate his inability, despite diligent efforts, to obtain adequate assistance to determine that there were time constraints for the filing of a federal

| | |
|---|---|
| 1 | petition. Mendoza v. Carey, 449 F.3d 1065, 1069-71 (9th Cir. 2006). Respondent is also correct |
| 2 | that petitioner's claimed reliance on jailhouse lawyers is not sufficient to warrant equitable |
| 3 | tolling. While sufficiently egregious misconduct by counsel, such as wholly deficient |
| 4 | performance, may justify equitable tolling with respect to the performance of an attorney, it is |
| 5 | inappropriate to extend Spitsyn v. Moore, 345 F.3d 796, 800-802 (9th Cir. 2003), to embrace the |
| 6 | incompetence of a jailhouse lawyer. It simply cannot be counted as extraordinary that jailhouse |
| 7 | lawyers might give poor advice or be less than diligent. See United States v. Cicero, 214 F.3d |
| 8 | 199, 204-05 (D.C. Cir.2000) (no equitable tolling for jailhouse lawyer non-performance). |

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed January 7, 2009, are adopted in full; and

2. Respondent's first amended motion to dismiss, filed on 6/12/08 (Docket No. 14), is granted and the petition is dismissed as barred by the one-year AEDPA statute of limitations.

DATED: March 18, 2009.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT